Raymond JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59539.

Missouri Court of Appeals,
Western District.

Jan. 31, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2003.

As Modified April 1, 2003.

Application for Transfer Denied
May 27, 2003.

Andrew A. Schroeder, Assistant State Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Philip M. Koppe, Assistant Attorney General, Kansas City, MO, for respondent.

Before ULRICH, P.J., BRECKENRIDGE and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

Raymond Johnson appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Mr. Johnson pleaded guilty to one count of sexual abuse, section 566.100, RSMo 2000;[1] one count of kidnapping, section 565.110; and two corresponding counts of armed criminal action, section 571.015. The court sentenced Mr. Johnson, as a predatory sexual offender, to life imprisonment with the possibility of parole after fifteen years for the sexual abuse count. He was also sentenced to fifteen years imprisonment for the kidnapping count, and fifteen years imprisonment for each of the armed criminal action counts. The court ordered that the sentences run consecutively. Mr. Johnson filed a Rule 24.035 motion for post-conviction relief, which the motion court denied without holding an evidentiary hearing. On appeal, Mr. Johnson claims his plea counsel was ineffective for failing to file a motion to quash the State's amended information, in that Mr. Johnson would not have pleaded guilty had he known he could challenge the constitutionality of the sexual predator statute. In his second point, Mr. Johnson claims that the motion court erred in denying his motion because the sentencing court allowed victim impact statements about crimes that did not result in a conviction, and the court sentenced him more harshly because of the victim impact statements.

The judgment of the motion court is affirmed.

## Factual and Procedural Background

On October 18, 1996, Mr. Johnson approached a young woman on a jogging path. Mr. Johnson used a knife to force the woman into the woods nearby. He made the woman take off all her clothing, and then he cut her and fondled her breasts. After that, he tied her up and left her in the woods.

A grand jury indicted Mr. Johnson for one count of sexual assault, one count of kidnapping, and two counts of armed criminal action. The State subsequently filed an information in lieu of indictment charging Mr. Johnson with one count of sexual abuse, as a predatory sexual offender; one count of kidnapping; and two counts of armed criminal action. The State charged Mr. Johnson as a predatory sexual offender based on two forcible sodomies that occurred in Johnson County, Kansas. In one of the two instances, Mr. Johnson hit a woman, who was exercising on a trail in Overland Park, over the head with a rock and then forcibly sodomized her. In the other, Mr. Johnson hit a woman, who was walking on an exercise path in Johnson County, in the face with a board, dragged

1. All statutory references are to Revised Statutes of Missouri 2000.

her into the woods, and forcibly sodomized her.[2]

Mr. Johnson agreed to plead guilty on all four counts charged in this case without a plea agreement. In March 1998, the trial court held a plea hearing. At the hearing, Mr. Johnson waived proof of facts as to the two Kansas forcible sodomies. On June 10, 1998, the court held a sentencing hearing. At the sentencing hearing, Mr. Johnson's counsel argued that the Missouri sexual predator law was unconstitutional, and he objected to the admission of the two victim impact statements relating to the Kansas forcible sodomies. The basis for Mr. Johnson's objection to the victim impact statements was that he waived proof of facts as to the Kansas incidents. The court overruled the objection and admitted the victim impact statements. The court found that Mr. Johnson was a predatory sexual offender and sentenced Mr. Johnson on the sexual abuse charge, as a predatory sexual offender, to life imprisonment with the possibility of parole in fifteen years. The trial court further sentenced Mr. Johnson to fifteen years imprisonment for kidnapping and fifteen years imprisonment for each of the two counts of armed criminal action. The court ordered that the sentences run consecutively.

Mr. Johnson filed a Rule 24.035 motion for post-conviction relief. In his motion, he claimed ineffective assistance of counsel for his plea counsel's failure to file a motion to quash the information because section 558.018.5(2), the statute under which he was sentenced as a predatory sexual offender, was unconstitutional. He also claimed that the sentences imposed violated his due process rights because the trial court considered victim impact statements

for the two Kansas forcible sodomies. The motion court denied Mr. Johnson's motion without holding an evidentiary hearing. This appeal followed.

## Standard of Review

 Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The findings and conclusions of the motion court are deemed clearly erroneous "if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997).

## Denial of Claim that Counsel Ineffective Not Erroneous

 In his first point, Mr. Johnson claims that the trial court erred in denying, without an evidentiary hearing, his claim that his plea counsel was ineffective for failing to file a motion to quash the information in lieu of indictment charging Mr. Johnson as a predatory sexual offender. Mr. Johnson asserts that his counsel was ineffective in not filing the motion challenging the constitutionality of section 558.018.5(2) because his plea counsel believed that section 558.018.5(2) was unconstitutional. Mr. Johnson argues that his plea counsel's belief is known because counsel "even voiced his belief several months later at sentencing that [s]ection 558.018.5(2) is unconstitutional on its face." Mr. Johnson claims that he was prejudiced because he would not have entered a guilty plea if he had known that he could chal-

**2.** As late as June 22, 2001, Mr. Johnson had not been convicted of either of the two John- son County offenses.

lenge the constitutionality of section 558.018.5(2).

To prevail on a claim of ineffective assistance of counsel, the movant must show that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances, and that he was prejudiced by this failure. *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). An attorney's effectiveness will be " 'measured against the backdrop of the law' at the time of the guilty plea." *Laney v. State*, 783 S.W.2d 425, 427 (Mo.App.1989) (citation omitted). To demonstrate "prejudice in a guilty plea case, a defendant must prove that, but for the errors of counsel, he would not have pled guilty and would have demanded [a] trial." *Roll*, 942 S.W.2d at 375. After a guilty plea has been entered, "the issue of effectiveness of counsel is material only to the extent it affects the voluntariness and understanding with which the plea was made." *Winegar v. State*, 967 S.W.2d 265, 267 (Mo.App. 1998).

█ Mr. Johnson claims that he pleaded facts that warrant an evidentiary hearing. To be entitled to an evidentiary hearing on a Rule 24.035 claim, " '(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant.' " *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997) (quoting *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993)). "All three of these prongs must be present, otherwise the motion court may deny an evidentiary hearing." *Edwards v. State*, 954 S.W.2d 403, 408 (Mo.App.1997).

Mr. Johnson is not entitled to an evidentiary hearing because he does not show that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances when counsel failed to file a motion to quash the State's amended information on the basis that section 558.018.5(2) was unconstitutional. Mr. Johnson's claim of ineffectiveness in failing to file a motion challenging the constitutionality of section 558.018.5(2) has merit only if his counsel did not meet the standard of law in existence at the time of his guilty plea. The provision that Mr. Johnson claims his plea counsel should have challenged is the portion of section 558.018.5(2) that states that "a 'predatory sexual offender' is a person who: Has previously committed an act which would constitute an offense listed in subsection 4 of this section, whether or not the act resulted in a conviction." When he entered his plea of guilty, section 558.018.5(2) was presumed constitutional, and Mr. Johnson's plea counsel is held only to the state of the law at the time of the guilty plea. *State v. Burns*, 978 S.W.2d 759, 760 (Mo. banc 1998) (statutes are presumed to be constitutional); *Laney*, 783 S.W.2d at 427 (an attorney's effectiveness will be measured against the state of the law at the time of the guilty plea).

After Mr. Johnson's guilty plea and sentencing, the Missouri Supreme Court held that section 558.018 was constitutional in *State v. Gilyard*, 979 S.W.2d 138 (Mo. banc 1998). In that case, Mr. Gilyard was convicted of forcible rape and false imprisonment. The trial court sentenced him as a predatory sexual offender based upon a prior uncharged sexual assault. *Id.* at 138. On appeal, Mr. Gilyard claimed that section 558.018 was unconstitutional because he was being punished for a prior uncharged sexual assault for which he did not receive a jury trial. *Id.* at 142. The Supreme Court held that section 558.018 was

constitutional because Mr. Gilyard was not being punished for prior uncharged sexual assault; the prior assault was being considered only for sentencing, which was permissible. *Id.* at 142–43.

Mr. Johnson recognizes that *Gilyard* denied a similar challenge to section 558.018.5(2). But he claims that the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), decided after *Gilyard*, renders section 558.018.5(2) unconstitutional. The ruling of the Supreme Court in *Apprendi* does not aid Mr. Johnson because the effectiveness of Mr. Johnson's counsel is judged according to the law at the time of the guilty plea.[3] *Laney*, 783 S.W.2d at 427. *Apprendi* was decided over two years after Mr. Johnson entered his guilty plea. His counsel cannot be found ineffective for failing to predict the ruling of *Apprendi*.

■ Nevertheless, Mr. Johnson argues that his counsel should still be found to be ineffective because at the time he entered his guilty plea, his counsel believed that section 558.018.5(2) was unconstitutional on its face but did not attack the constitutionality of the statute at that time.[4] Mr. Johnson contends that counsel has a "duty to take action to change a law that the attorney believes is repugnant to the [C]onstitution," and counsel's failure to do so warrants a finding of ineffectiveness. Mr. Johnson cites no authority for the proposition that counsel can be deemed ineffective for failing to challenge a statute that is presumed to be constitutional, but that counsel *subjectively* believes is unconstitutional. An appellant must support his arguments with relevant authority or explain why such authority is not available. *Koenig v. State*, 17 S.W.3d 911, 911–12 (Mo.App.2000). Because Mr. Johnson has not done so, this court may deem this argument abandoned. *Id.* at 912.

■ It should be noted that in his Rule 24.035 motion, Mr. Johnson did not directly attack the constitutionality of section 558.018.5(2) by arguing that the alleged unconstitutionality of the statute, in and of itself, warranted vacating his convictions and sentences.[5] Rather, Mr. Johnson as-

3. In *Apprendi*, the Supreme Court noted that it had previously, in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), "expressed serious doubt concerning the constitutionality of allowing penalty-enhancing findings to be determined by a judge by a preponderance of the evidence." *Apprendi*, 530 U.S. at 472–73, 120 S.Ct. at 2353. The *Jones* decision was after Mr. Johnson's guilty plea and sentencing.

4. Mr. Johnson's Rule 24.035 motion does not support his allegation that his plea counsel was of the belief that section 558.018.5(2) was unconstitutional *at the time he entered his guilty plea*. In his motion, he alleged that his plea counsel "will acknowledge that he believes that the predatory sexual offender statute...is, in his opinion, unconstitutional." He also alleged that "[p]lea counsel will acknowledge that, in hindsight, he should have attacked the constitutionality of the predatory sexual offender statute by filing a

motion to quash the State's information in lieu of indictment and that he had no trial strategy for waiting until sentencing to advance his objections to the use of the enhancement provisions set forth in the predatory sexual offender statute." Mr. Johnson's allegations indicate only that his plea counsel believed, at the time of sentencing and at the present time, that the statute is unconstitutional. There are no facts from which to infer that because he held this belief at sentencing, he held the belief earlier at the time of the guilty plea hearing.

5. It is unclear whether Mr. Johnson could have raised such a claim in his Rule 24.035 motion. In *State v. Mitchell*, 563 S.W.2d 18, 22–23 (Mo. banc 1978), the Supreme Court held that an attack on the constitutionality of the statute under which the defendant was convicted cannot be waived, because the constitutionality of a statute is a jurisdictional issue. Therefore, a defendant can raise such

serted that section 558.018.5(2) was unconstitutional only in support of his claim that plea counsel was ineffective for failing to file a motion to quash the amended information to challenge the statute's constitutionality. This court is compelled by prior case law to address only those issues raised in the post-conviction motion. *See Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc 1990). Thus, this court will not address the merits of Mr. Johnson's assertion that section 558.018.5(2) is unconstitutional in light of *Apprendi,* but will address only whether his plea counsel was ineffective for failing to file a motion to quash the amended information to challenge the constitutionality of the statute at the time Mr. Johnson entered his guilty plea. Because Mr. Johnson's plea counsel met the standards of the law that existed at the time of his guilty plea, the motion court did not clearly err in denying his ineffective assistance of counsel claim without holding an evidentiary hearing. Mr. Johnson's first point is denied.

### No Error in Admission of Victim Impact Statements

In his second point, Mr. Johnson contends that the motion court clearly erred in denying his 24.035 motion without an evidentiary hearing because his constitutional rights were violated when the sentencing court considered victim impact statements stemming from prior forcible

sodomies for which he had not been convicted. He alleges that he was "punished" for these acts, even though he had not been convicted. Mr. Johnson asks this court to remand for an evidentiary hearing because he claims that he pleaded facts, which if true, warrant relief and are not refuted by the record.

As discussed above, for a movant to be entitled to an evidentiary hearing on a Rule 24.035 claim, " '(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant.' " *Coates,* 939 S.W.2d at 914 (quoting *Starks,* 856 S.W.2d at 336). "All three of these prongs must be present, otherwise the motion court may deny an evidentiary hearing." *Edwards,* 954 S.W.2d at 408.

■ At Mr. Johnson's guilty plea hearing, he waived the requirement that the State prove that he had committed prior acts to establish his status as a predatory sexual offender. By that waiver, the factual basis supporting his status as a predatory sexual offender was established and the sentencing judge had no discretion under section 558.018.6 but to sentence Mr. Johnson to life imprisonment on the count of sexual assault. The sentencing court

an objection " 'at any stage of the proceedings, even by a collateral attack after conviction.' " *Id.* (citations omitted). A year after *Mitchell* was decided, however, the Supreme Court held that the defendant in *State v. Wickizer,* 583 S.W.2d 519, 522–23 (Mo. banc 1979), failed to preserve his constitutional challenge to the sodomy statute under which he was convicted because the defendant, who raised the issue for the first time on appeal, failed to raise the issue at the earliest possible opportunity. In *State v. Danforth,* 654 S.W.2d 912, 925–26 (Mo.App.1983), this court recognized and discussed the two lines of

Supreme Court opinions represented by these cases. Noting that "[n]one of the cases in either of these two decisions has been overruled," this court adhered to the position, represented by *Wickizer,* that challenges to the constitutionality of a statute must be made at the earliest opportunity to be preserved for appeal. *Id.* at 926. The Southern District of this court has also discussed the conflicting line of Supreme Court cases and taken the position adhered to by this court. *State v. McCord,* 753 S.W.2d 641, 643–44 (Mo.App. 1988).

was required to exercise its discretion, however, in determining the number of years, within the statutory range of five to fifteen years, that Mr. Johnson was ineligible for parole. *See* Section 558.018.7(5). Before imposing the sentence, the judge acknowledged that the victim impact statements influenced him. The judge noted that there had been three incidents and "[t]hey seem to be escalating." The judge further stated, "The tragic thing about these crimes is that you effectively, essentially, harmed three people's lives for the rest of their life. They will never forget this, they will probably have to always have it in the back of their mind." The judge then imposed the maximum sentence. Mr. Johnson claims that it violated his due process rights for the sentencing judge to punish him for prior bad acts for which he has not been convicted.

At the sentencing hearing, Mr. Johnson's counsel objected to the State reading victim impact statements to the court on behalf of the two Kansas victims. Specifically, counsel stated, "I'll renew the objection I made in chambers concerning this." That was the only objection made, and there is no transcript in the record on appeal concerning the basis of defendant's objection in chambers to the admission of the Kansas victims' statements. Furthermore, Mr. Johnson did not receive a ruling on his objection. Subsequently, during the sentencing hearing, the State offered into evidence pictures of the injuries to the Kansas victims. Defense counsel objected to the relevancy of these exhibits and then argued to the court that Mr. Johnson's waiver of proof of the prior acts that established his status as a predatory sexual offender precluded the admission of this evidence. Even at this time, defense counsel did not object on the grounds that the admission violated Mr. Johnson's constitutional due process rights.

To preserve a claim of error based upon the admission of evidence, the objection must be specific. *State v. Morrow*, 968 S.W.2d 100, 106 (Mo. banc 1998). "[T]he allegations of error made to the trial court must be 'sufficiently definite to direct the court's attention to the particular acts or rulings asserted to be erroneous' in order to preserve the error for appellate review." *State v. Santillan*, 1 S.W.3d 572, 577 (Mo.App.1999) (citation omitted). In *State v. Skillicorn*, 944 S.W.2d 877, 888 n. 4 (Mo. banc 1997), the Supreme Court stated, "Although defendant points to a continuing objection made in chambers, that objection is not clear concerning what defense counsel is objecting to and upon what basis the objection is made." This is a similar situation. Mr. Johnson "renewed" the objection he made in chambers, but he did not make a record as to his basis for the objection. Furthermore, " '[t]o preserve appellate review, constitutional claims must be made at the first opportunity, with citations to specific constitutional sections.' " *State v. Hall*, 982 S.W.2d 675, 682 (Mo. banc 1998) (quoting *State v. Chambers*, 891 S.W.2d 93, 103–04 (Mo. banc 1994)). Because Mr. Johnson did not properly object to the admission of the victim impact statements at the sentencing hearing, he did not preserve the issue for appellate review.

In addition, as a general rule, a sentencing court may admit " 'whatever evidence it deems helpful . . . in assessing punishment.' " *State v. Winfield*, 5 S.W.3d 505, 515 (Mo. banc 1999) (citation omitted). This includes evidence of a defendant's prior unadjudicated criminal conduct. *Id.* The Missouri Supreme Court, in a case tried by a jury, held that it is desirable that the sentencer have as much information as possible before imposing a sentence. *State v. Malone*, 694 S.W.2d 723,

727 (Mo. banc 1985). The Court stated in *Malone:*

Under opinions of the United States Supreme Court as well as this Court, the sentencer is to receive as much information as possible in the interest of individualized sentencing. *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *State v. Gilmore,* 661 S.W.2d 519 (Mo. banc 1983), *cert. denied,* 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984). The trial court has discretion during this stage of trial to admit any evidence it deems helpful to the jury in fixing punishment. *State v. Bannister,* 680 S.W.2d 141 (Mo. banc 1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985). Evidence of prior offenses, including details that reflect their seriousness, is relevant and not inadmissible because it arguably prejudices the defendant. *See Gilmore,* 661 S.W.2d at 523–524; *Smith v. State,* 683 S.W.2d 393 (Tex.Cr.App.1984). *But cf. West v. State,* 463 So.2d 1048 (Miss.1985).

694 S.W.2d at 727. Under the common law rule, which has not been restricted or modified by statute, " '[a] judge may appropriately conduct an inquiry, broad in scope, largely unlimited in nature either as to the kind of information he may consider, or the source from which it comes.' " *Sharp v. State,* 908 S.W.2d 752, 756 (Mo. App.1995) (quoting *Figgins v. State,* 858 S.W.2d 853, 856 (Mo.App.1993)).

In this case, because Mr. Johnson was charged as a sexual predator, his prior unadjudicated criminal conduct was already before the court. Mr. Johnson's argument of unconstitutional sentencing is not that the court was aware of his prior acts but, rather, that because he waived proof of the prior acts, the State was precluded from presenting any additional evidence of the circumstances of and harm from the acts. He does not cite any authority to support this argument. The evidence which Mr. Johnson claims should not have been considered was evidence pertaining to the commission of the prior sexual offenses that enhanced his sentence under section 558.018. Therefore, it was not improper for the court to consider the circumstances of the offenses. Because Mr. Johnson's motion did not allege facts entitling him to relief, he was not entitled to an evidentiary hearing. Mr. Johnson's second point is denied.

The judgment of the motion court is affirmed.

All concur.