Jeffrey WOOLDRIDGE, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 87727.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 2007.

Alexandra Johnson, Office of the Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, Judge.

### *Introduction*

Appellant Jeffrey Wooldridge appeals from the decision of the Circuit Court of Cape Girardeau County, the Honorable William L. Syler presiding, after Wooldridge pled guilty to three counts of statutory sodomy in the second degree pursuant to a plea agreement. On 29 July 2004, Judge Syler sentenced Wooldridge to seven years in prison for each count to run consecutively for a total of twenty-one years in prison. Wooldridge filed a Rule 24.035 motion which the court denied without an evidentiary hearing. We affirm the ruling of the lower court.

Wooldridge brings two claims of error, arguing that the motion court erred in denying Wooldridge's Rule 24.035 motion for post-conviction relief without a hearing because Wooldridge alleges that his counsel induced and/or coerced Wooldridge to plead guilty involuntarily, unknowingly, and unintelligently. Wooldridge claims that such action amounts to ineffective assistance of counsel, which adversely prejudiced Wooldridge. We affirm the ruling of the lower court.

### *Factual and Procedural Background*

On 19 December 2003, the State filed charges against Jeffrey Wooldridge in Cape Girardeau County for three counts of statutory sodomy in the second degree in violation of Section 566.064 RSMo., of Amy Wooldridge. On 13 May 2004, represented by assistant public defenders Jacob Zimmerman and Bryan Keller, Wooldridge appeared before the honorable William Syler and pled guilty.

Wooldridge submitted a Petition to Enter a Plea of Guilty to the court, in which he admitted that he had read the information and discussed it with his attorney, and understood the charges against him. Wooldridge further admitted that he told his attorney all the facts about the nature of each charge, on all lesser-included offenses, and on all possible defenses he might have in the case. The petition also contained Wooldridge's admission that: "On 7/1/03–7/7/03, 5/4/03 & 3/29/03, I had deviate sexual intercourse w/ Amy Wooldridge who was under 17. I was over 21 yrs. old."

In the petition, Wooldridge also stated that his attorney had informed him that the range of punishment for each count was one to seven years imprisonment, or one to twelve months in the county jail, or a fine not exceeding $5,000, or both the fine and confinement in jail. Wooldridge stated that aside from the terms of the

plea deal, there were no promises, inducements, or representations made to get him to plead guilty; specifically, Wooldridge said that no one had promised or suggested that he would receive a lighter sentence, probation, or any other form of leniency if he pled guilty. Wooldridge said he knew that if anyone else made any promises or suggestions, they did not have the authority to do so. Wooldridge further stated that he was not mistreated, threatened, coerced, or forced in any manner by anyone to get him to plead guilty. Wooldridge additionally acknowledged in his petition that he knew the sentence he would receive was solely a matter within the control of the judge.

At the plea hearing, the court asked Wooldridge to state in his own words what he did that made him guilty of the charged crimes. On Count I, Wooldridge said that between 1 July and 7 July 2003, he inserted his finger into his daughter's vaginal area. On Count II, Wooldridge said that on 4 May 2003, he inserted his finger in his daughter's vaginal area. On Count III, Wooldridge said that on 29 March, he placed his tongue on her vagina.

At the plea hearing, Wooldridge told the court that he understood he had a right to a trial on all nine of the charges against him. The court determined that Wooldridge understood the rights attendant to a criminal trial. Wooldridge told the court that he was "admitting guilt to the three felony charges of statutory sodomy" and was giving up his right to a trial. Wooldridge asserted that no one threatened or coerced him in any way to plead guilty, nor had anyone made any promises to him to get him to give up his right to a trial. Wooldridge said that he was pleading guilty because he was, in fact, guilty of the offenses.

The court asked appellant if he knew what punishment he faced for the second degree statutory sodomy charges and Wooldridge responded that that he believed "it's one to seven years ... in the Department of Corrections or one year in the County Jail." Wooldridge said he understood the range of punishment he faced and still wanted to plead guilty. Wooldridge also said he understood that his plea was "open," and that the court could sentence him from "anything from a minimum to the maximum ... Depending on your judgment."

The court accepted Wooldridge's Petition to Enter a Plea of Guilty and his plea and found Wooldridge guilty beyond a reasonable doubt of Counts I, II, and III. The State dismissed the remaining counts IV through IX. The court found that Wooldridge's pleas of guilty were made freely, knowingly, voluntarily, and intelligently, without threats or coercion, and upon the advice of counsel.

On 29 July 2004, a sentencing hearing was held, in which the prosecutor asked the court to impose consecutive sentences of seven years on each of the three counts. Defense counsel asked the court to sentence Wooldridge to probation. The court sentenced Wooldridge to seven years imprisonment on each count, which were ordered to run consecutively.

On 21 January 2005, Wooldridge filed a *pro se* motion for post-conviction relief under Rule 24.035. On 24 June 2005, appointed counsel filed an amended motion requesting an evidentiary hearing. On 11 October 2005, the motion court denied Wooldridge's motion for post-conviction relief without an evidentiary hearing. Wooldridge's appeal to this Court followed.

### *Standard of Review*

Appellate review of decisions under Rule 24.035 is limited to whether the findings, conclusions, and judgment of the

motion court are clearly erroneous. *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995). The motion court's findings, conclusion, and judgment are clearly erroneous if a review of the entire record leaves this Court with the firm and definite impression that a mistake has been made. *Dudley v. State*, 903 S.W.2d 263, 265 (Mo. App. E.D.1995). In reviewing the motion court's dismissal, this Court is required to assume every pled fact as true and to give the pleader the benefit of every favorable inference which may be reasonably drawn therefrom. *Frederick v. State*, 754 S.W.2d 934 (Mo.App. E.D.1988). On review, the motion court's findings and conclusions are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

### Discussion

Wooldridge argues two points on appeal. First he argues that but for his reliance on his attorney's statement that he would only have to serve 15% of his sentence, he would not have pled guilty to the three counts of statutory sodomy in the 2nd degree. Second, he argues that but for his reliance on his attorney's statement that if Wooldridge did not plead guilty to three counts of second-degree statutory sodomy, the judge would "guarantee" he was convicted and sentence him to no less than sixty (60) years of imprisonment, he would not have pled guilty. These arguments have no factual basis in the record. We agree with the Circuit Court's findings that Wooldridge's claim that his plea was not voluntary is rebutted by the plea petition and the transcripts of the plea hearing.

Under Missouri law, to prevail on a claim of ineffective assistance of counsel, the movant must show that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances, and that he was prejudiced by this failure. *Johnson v. State*, 103 S.W.3d 182, 185 (Mo.App. W.D. 2003). To demonstrate prejudice, the movant must show that, but for his attorney's errors, he would not have pled guilty and would have demanded a trial. *Id.* After a guilty plea has been entered, the issue of effectiveness of counsel is material only to the extent it affects the voluntariness and understanding with which the plea was made. *Id.* at 186.

■ The motion court is not required to grant a movant an evidentiary hearing unless (1) the movant pleads facts, not conclusions, which if true would warrant relief, (2) the facts alleged are not refuted by the record, and (3) the matters complained of resulted in prejudice to the movant. *Coates v. State*, 939 S.W.2d 912, 913 (Mo. banc 1997).

In his 11 October 2005 Order denying Wooldridge's Motion, Judge Syler held that Wooldridge's claim that his plea was not voluntary is rebutted by the plea petition and transcripts of Wooldridge's guilty plea hearing.

■ In the plea petition, Wooldridge asserted that he told his attorney all the facts about the nature of each charge, all lesser-included offenses, and all possible defenses he might have in the case. The petition also contained Wooldridge's admission that: "On 7/1/03–7/7/03, 5/4/03 & 3/29/03, I had deviate sexual intercourse w/ Amy Wooldridge who was under 17. I was over 21 yrs. old."

In the petition, Wooldridge also stated that his attorney had informed him that the range of punishment for each count was one to seven years imprisonment, or one to twelve months in the county jail, or a fine not exceeding $5,000, or both the fine and confinement in jail. Wooldridge stated that aside from the terms of the plea deal, there were no promises, induce-

ments, or representations made to get him to plead guilty; specifically, Wooldridge said that no one had promised or suggested that he would receive a lighter sentence, probation, or any other form of leniency if he pled guilty. Wooldridge said he knew that if anyone else made any promises or suggestions, they did not have the authority to do so. Wooldridge additionally stated that he was not mistreated, threatened, coerced, or forced in any manner by anyone to get him to plead guilty. Wooldridge further acknowledged in his petition that he knew the sentence he would receive was solely a matter within the control of the judge.

The transcripts show that Judge Syler questioned Wooldridge extensively regarding whether he understood the possible range of punishment he was facing if he went to trial and was convicted, and the possible range of punishment he faced by pleading guilty. The following colloquy between Judge Syler and Wooldridge is illustrative:

Q. (by Judge Syler) You understand that if you enter a plea of guilty here today, you are giving up your right to that trial once and for all?

A. (by Wooldridge) Yes, sir.

Q. That is to say, there will not be a trial next week or at any other time.

A. Yes, sir.

Q. And you understand that you have the right to that trial, and that can be a trial with a jury?

A. Yes, sir.

Q. I would be the Judge, **but you can have a jury of 12 people come in and determine your guilt or your innocence and any possible penalty should they find you guilty of any or all of these charges.**[1]

A. Yes, sir, I do.

Q. But you understand you're giving up that right?

A. Yes, sir. (Tr. Pg.38)

———

Q. Would you tell me in your own words what it is you're doing?

A. I am admitting guilt to the three felony charges of statutory sodomy.

Q. And giving up your rights to a trial?

A. Yes, sir, giving up my right to that trial.

Q. As I said, which is set for next week?

A. Yes, sir.

Q. Has anybody made any threats or promises to get you to give up your right to this trial?

A. No, Your Honor, they have not.

Q. Has anybody forced or coerced you in any way?

A. No, sir, they have not.

Q. No one's making you do this against your wishes?

A. No. No, sir, they are not.

Q. No one's forcing you to do this when you don't want to?

A. No, sir, they're not.

Q. You're doing this because you are, in fact, guilty of these offenses?

A. Yes, sir, I am. (Tr. Pg.39)

———

Q. You understand that on each of these nine charges, you have the right to have that jury determine your guilt or your innocence?

A. Yes, sir, I do.

Q. They may find you guilty of some, none or all. You understand that?

A. yes, sir.

Q. But in each case, they have to find you guilty beyond a reasonable doubt

---

1. Emphasis added.

before you can be convicted of that particular offense. You understand that?
A. Yes, sir, I do.
Q. If and only if you are found guilty beyond a reasonable doubt and convicted on any of these offenses, you have the right to have that jury determine any sentence that they might wish within the range of the possibilities for each of those offenses. You understand that?
A. Yes, sir.
Q. In other words, you have the right to have them determine your guilt or innocence. You have the right to have the jury assess any penalty if they find you guilty beyond a reasonable doubt.
A. Yes, sir, I do.
Q. But again, you're giving up that right if you enter a plea of guilty here today.
A. Yes, sir, Your Honor, I am. (Tr. Pg.42).

_____

Q. And you understand that it's entirely up to me within that range of penalty to decide what I think is appropriate?
A. yes, sir, I do.
Q. **And that I'm not making any promises to you, nor or [sic] any of your attorneys suggesting what I may or may not do.**[2]
A. Yes, sir, I understand that.
Q. As you said, it could be anywhere between the absolute minimum and the absolute maximum.
A. That's my understanding. And it's also my understanding, of course, that you could run them concurrent or consecutive.
Q. Meaning what, sir?
A. That concurrent would mean whatever you deem necessary for each individual charge, it's all served on top of each other or at one frame period of time. And consecutive which means

that whatever you deem the penalty phase on each individual charge would lapse on behind the other. You'd serve one, second and third.
Q. So it could be—
A. It could be anything from one to 21 years
Q. Correct. You are correct. (Tr. Pgs.48–49).

### Conclusion

Review of this entire record compels the conclusion that Wooldridge understood the consequences of pleading guilty and he did so knowingly, voluntarily and intelligently. Accordingly, we are left with a firm and definite impression that a mistake has not been made. We therefore affirm the ruling of the lower court.

AFFIRMED.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.