**David L. MANGUM, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent-Respondent.**

**No. SD 34571**

Missouri Court of Appeals,
Southern District,
**Division Two.**

Filed: May 30, 2017

Attorney for Appellant—Ellen H. Flottman of Columbia, MO.

Attorney for Respondent—Joshua D. Hawley (Attorney General), Gregory L. Barnes of Jefferson City, MO.

Nancy Steffen Rahmeyer, J.

David L. Mangum ("Movant") was charged with seven counts of exposing another person to HIV. *See* section 191.677.[1] The State dismissed five of those counts in exchange for Movant's plea of guilty to the two remaining counts. The trial court sentenced Movant to consecutive terms of 15 years' imprisonment for each count. Thereafter, Movant filed an amended Rule 24.035 motion for post-conviction relief alleging his plea counsel was ineffective because she "unreasonably failed to file and litigate a motion asserting that application of section 191.677 deprived Movant of equal protection under the Fourteenth Amendment to the United States Constitution[.]"[2] In support, Movant argued that section 191.677 imposes burdens on persons living with HIV that are not imposed on persons with similar communicable diseases. Movant further argued that if counsel would have so challenged the statute and informed him of the possibility of such a defense, he would have rejected pleading guilty and insisted on going to trial. The motion court denied the claim without an evidentiary hearing. Because Movant has not alleged facts in his amended motion which if true warrant relief, we affirm the motion court's order denying relief.

## Appellate Jurisdiction

▬▬▬ This case appears to tangentially involve the validity of a state statute. Though neither party raises the issue, this Court has an independent duty to examine its jurisdiction to hear an appeal. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468 (Mo. banc 2011). The Supreme Court of Missouri is vested with exclusive appellate jurisdiction for all cases involving the validity of a statute of this state. Mo. Const. art. V, sec. 3. This exclusive appellate jurisdiction is not invoked simply because a case involves a constitutional issue. *McNeal v. McNeal-Sydnor*, 472 S.W.3d 194, 195 (Mo. banc 2015). Instead, a litigant must assert that a state statute directly violates the constitution either facially or as applied, and the constitutional issue must be real and substantial, not merely colorable. *Id.* If the constitutional issue is merely colorable, our review is proper. *Ahern v. P & H, LLC*, 254 S.W.3d 129, 134 (Mo. App. E.D. 2008).

> In determining whether a constitutional claim is real and substantial or merely colorable, this Court makes a preliminary inquiry as to whether it presents a contested matter of right that involves fair doubt and reasonable room for disagreement.... If this initial inquiry shows that the claim is so legally or factually insubstantial as to be plainly without merit, the claim may be deemed merely colorable.

*Missouri Hwy. and Trans. Comm'n. v. Merritt*, 204 S.W.3d 278, 285 (Mo. App. E.D. 2006) (internal citation omitted). To make a claim that a state law directly violates the constitution, the claim must allege that the state law is the cause of the constitutional violation. *Alumax Foils, Inc.*

---

1. All statutory references are to RSMo. 2016. All rule references are to Missouri Court Rules (2017).

2. Movant's *pro se* and amended motions were timely. Movant's *pro se* motion was filed on October 15, 2015, which was well within 180 days from his delivery to the department of corrections on July 24, 2015. *See* Rule 24.035(b). Counsel was appointed on February 29, 2016. A copy of the complete transcript of the guilty plea and sentencing hearing was filed in the trial court on March 14, 2016. The motion court granted counsel a 30-day extension, and counsel timely filed the amended motion on June 13, 2016. *See* Rules 24.035(g); 44.01(a) (where the last day of a computed period falls on a Sunday, the time limit is extended to the immediately following Monday).

*v. City of St. Louis*, 939 S.W.2d 907, 912 (Mo. banc 1997).

■ Here, Movant's challenge to section 191.677's validity arises in the context of an ineffective assistance of counsel claim rather than a direct challenge to the statute's constitutionality. In other words, the claim raised in Movant's amended motion is not that section 191.677 caused a constitutional violation but that his counsel's performance did. This Court is therefore not required to engage in any constitutional analysis, and as further discussed below, does not find any such analysis necessary under the facts of this appeal. Because there is neither a direct challenge to section 191.677 in this case nor a real and substantial constitutional issue to be decided, appellate jurisdiction is proper in this Court.

### Standard of Review

■ This Court's review of the motion court's findings of fact and conclusions of law is only for clear error. Rule 24.035(k); *Feldhaus v. State*, 311 S.W.3d 802, 804 (Mo. banc 2010). Findings and conclusions are clearly erroneous only if, after reviewing the record, we are left with a definite and firm impression that a mistake was made. *Garris v. State*, 389 S.W.3d 648, 650 (Mo. banc 2012). The burden falls on Movant to show by a preponderance of the evidence that the motion court's ruling was clearly erroneous. *Id.* at 650-51.

### Discussion and Decision

■ To prevail on a claim of ineffective assistance of counsel, Movant must show that counsel failed to exercise the customary skill and diligence of a reason-ably competent attorney in similar circumstances, and that he was prejudiced by this failure. *Johnson v. State*, 103 S.W.3d 182, 186 (Mo. App. W.D. 2003). By pleading guilty, Movant waived any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which his plea was made. *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). "To obtain an evidentiary hearing on a Rule 24.035 motion, the movant must (1) allege facts, not conclusions, warranting relief, (2) raising matters not refuted by the files and the record, and (3) showing that the matters raised resulted in prejudice." *Stanley v. State*, 420 S.W.3d 532, 549 (Mo. banc 2014).

■ Here, Movant has not shown that his counsel failed to use the customary skill and diligence of a reasonably competent attorney in similar circumstances when counsel failed to litigate whether section 191.677 deprived Movant of equal protection under the Fourteenth Amendment to the United States Constitution.[3] Though Movant frames his argument as one of ineffective assistance of counsel, it is more aptly characterized as a backdoor attempt to directly challenge section 191.677's constitutionality (which Movant likely realizes is waived). *See Garris*, 389 S.W.3d at 651; *Ross v. State*, 335 S.W.3d 479, 481 (Mo. banc 2011). Movant even requests that this Court simply find section 191.677 unconstitutional and vacate his sentences on that basis. The problem with that strategy in this case is that it provides no support for the only claim raised in Movant's amended motion and not necessarily waived by Movant's entry

**3.** For the first time on appeal, Movant adds that section 191.677 violates the equal protection provision of the Missouri Constitution. *See* Mo. Const. art. I, sec. 2. Because this claim was not raised in Movant's amended motion, however, it is waived and is not subject to plain error review. *See* Rule 24.035(d); *Hoskins v. State*, 329 S.W.3d 695, 696-97 (Mo. banc 2010).

of a guilty plea—that plea counsel was constitutionally ineffective. For example, Movant bypasses any attempt to show how his plea counsel's failure to litigate rendered his plea involuntary or unknowing (the only relevant inquiries in this appeal). *Worthington*, 166 S.W.3d at 573. Neither does Movant cite any authority supporting his claim that, under the prevailing professional norms at the time, a reasonably effective plea counsel should have raised an equal protection challenge to section 191.677. Based on this failure to support his argument with relevant authority or explain why such authority is not available, we may deem Movant's argument abandoned. *Johnson*, 103 S.W.3d at 187.

 More importantly, Movant fails to appreciate that plea counsel's performance must be examined against the backdrop of the law in effect at the time of his guilty plea in June 2015. *Id.* at 186. When Movant entered his plea of guilty, section 191.677 was presumed constitutional, and Movant's plea counsel is held only to the state of the law at the time of the guilty plea. *Id.*[4] "There exists a strong presumption that counsel's conduct was reasonable and effective. To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Dorsey v. State*, 448 S.W.3d 276, 287 (Mo. banc 2014) (internal citation and quotations omitted). In view of the lack of any judicial authority that specifically finds section 191.677 or a statute like section 191.677 violates the equal protection clause, Movant also fails to convince us that plea counsel's failure to raise an equal protection challenge "fell outside the wide range of professional competent assistance." *Id.*

The motion court's order is presumed correct, and it is Movant's burden to show that it is clearly erroneous. *Garris*, 389 S.W.3d at 652. Here, Movant has failed to meet that burden. The motion court's order denying relief is affirmed.[5]

Gary W. Lynch, P.J.—Concurs

William W. Francis, Jr., J.—Concurs

---

4. This is *not* a case where: (1) post-trial or post-plea authority supports a conclusion that counsel failed to raise a meritorious argument; and (2) this Court must decide whether that post-trial or post-plea authority constituted a "change" in the substantive law such that counsel should not be found ineffective for failure to anticipate a change in the law. *See, e.g., Hoeber v. State*, 488 S.W.3d 648, 658-59 (Mo. banc 2016); *Zink v. State*, 278 S.W.3d 170, 190 (Mo. banc 2009); *Glass v. State*, 227 S.W.3d 463, 472 (Mo. banc 2007). Section 191.677 remains constitutional, and this Court is unaware of any judicial authority to the contrary. After Movant's plea was entered, our supreme court did decide one case involving the statute's constitutionality. *See State v. S.F.*, 483 S.W.3d 385 (Mo. banc 2016). There, the Court unanimously *denied* constitutional challenges to section 191.677 based on freedom of speech and the right to privacy. An equal protection challenge failed at trial, and was not pursued on appeal. *Id.* at 386, 386 n.2.

5. The motion court found that section 191.677 did not violate Movant's right to equal protection of the law. We affirm on an independent basis, and make no determination regarding the soundness of that finding. *See Stanley*, 420 S.W.3d at 543 n.9 ("this Court will affirm on any ground that supports the circuit court's judgment, regardless of the grounds on which the circuit court relied.").