SHERRI B. SULLIVAN, P.J.
Introduction
Randy Like (Appellant) appeals from the motion court's Findings of Fact, Conclusions of Law, Order and Judgment (Judgment) denying, without an evidentiary hearing, his amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Rule 24.035[1] (post-conviction motion). On appeal, Appellant contends the motion court clearly erred in denying, without an evidentiary hearing, his claim he received ineffective assistance of counsel. Because we hold that Appellant's allegation of ineffective assistance of counsel is not clearly refuted by the record, we reverse and remand to the motion court for an evidentiary hearing.
Factual and Procedural Background
On August 9, 2011, Appellant pleaded guilty to one count of attempted first degree robbery and one count of armed criminal action in Jefferson County Cause No. 11JE-CR00463-01 (Jefferson County case) for an incident which occurred on February 12, 2011. He was sentenced on August 9, 2011, to 15 years on the attempted robbery count and 5 years on the armed criminal action count in the Missouri Department of Corrections (the DOC), with the sentences to be served consecutively.
On August 29, 2016, Appellant was charged by the State of Missouri (the State) in St. Louis County Cause No. 11SL-CR09370-01 (St. Louis County case) with one count of robbery in the first degree (Count I) and one count of armed criminal action (Count II) for an incident alleged to have occurred on February 11, 2011.
Appellant was arraigned on the charges and entered pleas of not guilty on September 14, 2016. On October 4, 2016, Appellant's trial counsel (Counsel) filed a motion to dismiss Count II, the armed criminal action charge, as the crime was alleged to have occurred on February 11, 2011, outside of the statute of limitations. Count II was dismissed by the trial court on October 14, 2016.
Trial was set in the matter for January 9, 2017. On January 4, 2017, the court ordered the case to remain on the docket on January 9, 2017, but scheduled the case for a settlement conference rather than a trial. At the settlement conference, the *410 case was continued until January 20, 2017, for Appellant to enter a guilty plea. While there are comments in the plea and sentencing transcript from January 23, 2017, which allude to a hearing held on Friday, January 20, 2017, there was no transcript or written documentation filed. On January 23, 2017, Appellant entered a blind plea of guilty to Count I and was sentenced the same day.
At the plea hearing, the court advised Appellant of his trial rights, which Appellant indicated he understood. The prosecutor set forth the factual basis for the plea, stating Appellant entered Big Lots in St. Louis and demanded money and the surveillance tape from the manager. The prosecutor stated she would have presented testimony from the manager and another employee that Appellant displayed a gun and took over $1,300 from the store. She stated the two witnesses knew Appellant personally as he previously worked at Big Lots, and further, Appellant later admitted committing the offense.
Appellant initially testified the statement of the prosecutor was not correct, and the court went off the record to allow Appellant to speak with Counsel. Once back on the record, Appellant testified the prosecutor's statement was factually accurate.
The court conducted the following inquiry:
TRIAL COURT: Have any threats or promises been made to you in order to get you to plead guilty?
[APPELLANT]: No.
TRIAL COURT: Are you pleading guilty voluntarily of your own free will?
[APPELLANT]: Yes
TRIAL COURT: And are you pleading guilty because you are in fact guilty of the crime that was charged?
[APPELLANT]: Yes, ma'am.
The prosecutor set forth the sentencing range, indicating the range was 10 to 30 years or life in prison, and Appellant testified he understood the sentencing range. The court then stated "this is a plea not pursuant[2] ," but inquired of the prosecutor what the State's recommendation was. The prosecutor stated the recommendation was for 18 years in the DOC, and Appellant agreed that offer had been communicated to him previously by Counsel. The court questioned Appellant regarding the assistance Counsel provided, during which a recess was taken because the court wanted "to give [Appellant] an opportunity to speak with [his] attorney," as it "seem[ed] like there [was] some confusion," and the court was "not sure whether [Appellant] [understood] what [was] actually going on."
After allowing Appellant to speak with Counsel and confirming Appellant had no questions of Counsel or the court, the court accepted Appellant's plea of guilty. Appellant waived the pre-sentence investigation, and the court sentenced him to 11 years in the DOC. The court ordered Appellant's sentence to run concurrent with his sentence in his Jefferson County case and ordered Appellant be given credit for "any and all time served."
Following the pronouncement of Appellant's sentence, the court advised Appellant of his rights under Rule 24.035. The court questioned him again regarding the assistance he received from Counsel. The *411 court asked him if "other than the plea bargain, did [his] lawyer make any threats or promises to get [him] to plead guilty," and Appellant stated "no." The court then asked if Appellant had anything else he wished to tell the court regarding Counsel's representation and the following exchange occurred:
[APPELLANT]: To be honest, Your Honor, I don't think we spent enough time.
TRIAL COURT: Mr. Like, the State was offering you eighteen years, and your attorney -
[APPELLANT]: But that's what I was going to say. Besides all that, I feel I'm satisfied with the amount of time that she was able to get me or plead me out, but I still - you know what I'm saying, I still don't think I was able to - because I think I was more so worried about -
TRIAL COURT: Mr. Like, we had this discussion on Friday.
[APPELLANT]: Yes.
TRIAL COURT: Ms. Steele does not run the Missouri Department of Corrections. Whatever your out date is going to be on the other case, that is determined by the Missouri Department of Corrections. It is not determined by your attorney. She cannot calculate that time for you. And we had this discussion on Friday about what your out date is going to be on the other case and you're already up there on and whether or not this case is going to impact it. Ms. Steele does not run the Missouri Department of Corrections. She is a public defender hired by the State of Missouri.
[APPELLANT]: Right, but I was --
TRIAL COURT: The parole board will determine all of that. What your out date is. They determine all of that. And she can't-and if she gives you some information and you rely on it, then you're going to be upset. So all she can do it try to make the best deal that she can, and then once you get to the Missouri Department of Corrections, they will tell you how this will impact your new date. She doesn't know. There's no way she can know.
[APPELLANT]: No, there's not.
TRIAL COURT: You were sentenced to a certain amount of time plus you have consecutive time. She doesn't know how the consecutive time is going to affect your - the first part of your sentence.
[APPELLANT]: Not only her. I don't either.
The court told Appellant it was his decision to go into Big Lots that put Appellant in front of the court, and what he was asking of Counsel was "to work some kind of magic" and "[i]t doesn't work like that." The court then found there was no probable cause to believe Appellant received ineffective assistance of counsel.
On April 7, 2017, Appellant filed a timely pro se motion to vacate, set aside, or correct the judgment or sentence. The motion court appointed the Public Defender's office to represent Appellant on April 12, 2017, and the transcript from the plea and sentencing hearing was filed on April 24, 2017. On May 16, 2017, appellate counsel entered her appearance and requested an extension of time to file an amended motion, which was granted on May 23, 2017. The amended motion was timely filed on July 24, 2017, along with appellate counsel's request for an evidentiary hearing.
Appellant's amended post-conviction motion alleged Counsel advised Appellant he would receive credit for the time he was incarcerated in the DOC on his Jefferson County case towards his St. Louis County case. Appellant's motion stated when he returned to the DOC following his guilty *412 plea, he was informed by the DOC he would not receive credit for the sentence on his St. Louis County case for the time served on his Jefferson County case. Appellant's post-conviction motion further alleged but for Counsel's erroneous representation to Appellant regarding credit for time served, Appellant would not have pleaded guilty but instead insisted on going to trial.
On August 18, 2017, the court denied Appellant's request for an evidentiary hearing on the post-conviction motion. The court issued its Judgment on December 19, 2017, denying the post-conviction motion. This appeal follows.
Points On Appeal
On appeal, Appellant alleges the motion court clearly erred in denying his post-conviction motion without an evidentiary hearing because he alleged facts which warranted relief and were not clearly refuted by the record, in that he was denied his rights to effective assistance of counsel and due process because plea counsel induced his involuntary, unintelligent, and unknowing guilty plea by erroneously advising Appellant he would be credited for the time he served on his unrelated Jefferson County case, and had Appellant known he would not receive credit for time served he would not have pleaded guilty but would have proceeded to trial.
Standard of Review
This Court's review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); Webb v. State, 334 S.W.3d 126, 128 (Mo. banc 2011). This Court will only find error if, after a thorough review of the entire record, the Court is left with a definite and firm impression a mistake has been made. Ross v. State, 335 S.W.3d 479, 480 (Mo. banc 2011).
"The issue of whether a defendant is entitled to an evidentiary hearing on a claim of ineffective assistance of counsel under state procedural rules is different from an evaluation of an ineffectiveness claim on its merits." State v. Driver, 912 S.W.2d 52, 55 (Mo. banc 1995). When reviewing the motion court's dismissal of Appellant's post-conviction motion without an evidentiary hearing, "this Court is required to assume every pled fact as true and give the pleader the benefit of every favorable inference which may be reasonably drawn therefrom." Taylor v. State, 497 S.W.3d 342, 348 (Mo. App. W.D. 2016) (quoting Wooldridge v. State, 239 S.W.3d 151, 154 (Mo. App. E.D. 2007) ).
Discussion
Appellant alleges he is entitled to an evidentiary hearing because the factual allegations in his post-conviction motion, if true, demonstrate Counsel was ineffective. Appellant's post-conviction motion claims Counsel advised Appellant he would receive credit towards his St. Louis County sentence for the time he served in the DOC on his Jefferson County sentence. Appellant claims he relied on this advice when he pleaded guilty, and when he returned to the DOC after having been sentenced he discovered his St. Louis County sentence would not be credited with the time he spent in the DOC on his Jefferson County sentence. Appellant's motion claims without Counsel's misrepresentation, Appellant would not have pleaded guilty and would have proceeded to trial. Appellant's motion further claims because Counsel was erroneous when he advised Appellant of the consequences of pleading guilty, Appellant's guilty plea was involuntary.
*413 "A movant only is entitled to an evidentiary hearing if (1) the movant pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." Webb, 334 S.W.3d at 128. "Regarding the second requirement, 'an evidentiary hearing may only be denied when the record conclusively shows that the movant is not entitled to relief.' " Taylor v. State, 497 S.W.3d at 347 (quoting Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009) ).
"When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." Webb, 334 S.W.3d at 128. "To satisfy the prejudice requirement when challenging a guilty plea, the movant must allege facts showing that there is a reasonable probability but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (internal quotations omitted). After a plea of guilty is entered, "the issue of effectiveness of counsel is material only to the extent it affects the voluntariness and understanding with which the plea was made." Wooldridge, 239 S.W.3d at 154.
"A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." Roberts v. State, 276 S.W.3d 833, 836 (Mo. banc 2009). "A plea of guilty is not made voluntarily 'if the defendant is misled, or is induced to plead guilty by fraud or mistake.' " Johnson v. State, 318 S.W.3d 313, 317 (Mo. App. E.D. 2010) (quoting Roberts, 276 S.W.3d at 836 ). "Where counsel misinforms the client as to the effects of the client's plea, the counsel has rendered ineffective assistance of counsel." Webb, 334 S.W.3d at 127.
The motion court heard and denied Appellant's request for an evidentiary hearing and found his claim did not entitle him to relief. The motion court found there was "no argument to be made that the Movant was misled or induced to plead guilty," and it was "very clear on the record that Defendant was informed that Ms. Steele could not make any promises as to any credit for time served or guaranteed out dates" (emphasis added).
The motion court references Appellant's "out date" several times during the questioning of Appellant as to the assistance he received from Counsel. Taken in context, it appears the court is using the term "out date" to refer to when Appellant will be eligible for parole, as evidenced by the court's statement to Appellant that "the parole board will determine all of that. What your out date is." However, Appellant claimed he received ineffective assistance of counsel because Counsel advised Appellant he would receive credit for all the time served in prison related to the Jefferson County case on the St. Louis County case sentence, and that advice was incorrect - not because Counsel erroneously informed Appellant when his parole date would be.
What date Appellant is eligible for parole is a separate inquiry from how much credit for time served Appellant will receive. An individual can be released from prison and serve the remainder of their sentence on parole. However, "time served before sentencing is still service of one's sentence." Scott v. State, 414 S.W.3d 57, 62 (Mo. App. W.D. 2013). Therefore, if Appellant receives no credit for time served on his eleven-year sentence and is paroled *414 after five years, he would still be required to serve the remaining six years of his sentence, albeit out of prison. If Appellant receives credit for five years of time served, and he is paroled after five years, he would only be required to serve one year on parole.
While the motion court was correct the record refuted that Counsel made Appellant a promise as to when his out date might be, that was not the claim alleged in Appellant's motion. Rather, his complaint is that Counsel told Appellant that he would receive credit towards his St. Louis County sentence for time served on the Jefferson County sentence and that advice was erroneous.
There is nothing in the record regarding whether plea counsel made any promises to Appellant, other than Appellant answering "no" to the routine inquiry if there were "any threats or promises [ ] made to you in order to get you to plead guilty." "[A] negative response to a routine inquiry whether any promise other than stated on the record had been made is too general to encompass all possible statements by counsel to his client." Webb, 334 S.W.3d at 129 (quoting Shackleford v. State, 51 S.W.3d 125, 128 (Mo. App. W.D. 2001) ). Additionally, "an attorney's advice is not the same as a promise-a defendant can say correctly that he was promised nothing, but this does not mean he was given correct advice as to the effects of his plea." Id. at 130.
Appellant claims he relied on Counsel's advice about credit for time served when Appellant entered his guilty plea, and that advice was incorrect. A "person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense." Section 558.031. "Time in custody is not 'related to' an offense if the prisoner would have been in custody regardless of the offense." Farish v. Mo. Dept. of Corrections, 416 S.W.3d 793, 797 (Mo. banc 2013) (citing State ex rel. Nixon v. Kelly, 58 S.W.3d 513, 518-19 (Mo. banc 2001) ).
Appellant is not entitled to receive credit for time served toward his St. Louis County sentence for the time he was incarcerated in the DOC serving time on his Jefferson County sentence, even though it was after the offense occurred and before the commencement of his sentence, because the time in custody was not related to the St. Louis County case. Appellant's time in the DOC is not related to the St. Louis County case because Appellant would have been in custody regardless of the case. Because Appellant is not legally entitled to credit for time served on his St. Louis County case from his time serving on his Jefferson County case, if Counsel informed Appellant he would receive credit, Counsel's advice was incorrect.
The motion court mentions in their colloquy with Appellant a hearing held the Friday before the plea; however, we do not have the transcript of that hearing. Because the motion court must view all of the allegations in Appellant's post-conviction motion as true, and there was no discussion on the record regarding credit for time served, the motion court clearly erred in finding the record conclusively refuted Appellant's allegations Counsel informed Appellant as to the credit he would receive.
Conclusion
The motion court clearly erred in denying Appellant's post-conviction motion without an evidentiary hearing. Appellant is entitled to an evidentiary hearing based *415 on his allegations of ineffective assistance of counsel.
The judgment of the motion court is reversed, and the cause is remanded for an evidentiary hearing on Appellant's post-conviction motion.
Lawrence E. Mooney, J., and James M. Dowd, J., concur.

All rule references are to Mo. R. Crim. P. (2017) unless otherwise noted.

A plea not pursuant is also called a blind plea, "in which the defendant pleads guilty without any agreement with the prosecutor or court as to the sentence and with an understanding that the court could impose any sentence within the authorized range of punishment." Stanley v. State, 490 S.W.3d 389, 391 (Mo. App. E.D. 2016) (citing DePriest v. State, 478 S.W.3d 494, 498 (Mo. App. E.D. 2015) ).