

# SUPREME COURT OF MISSOURI
# en banc

STATE OF MISSOURI,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Respondent,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. SC94923
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
S.F.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant.⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable W. Brent Powell, Judge

*Opinion issued March 15, 2016*

S.F. (Defendant) appeals her conviction for recklessly exposing another person to HIV without that person's knowledge and consent to the exposure pursuant to section 191.677.[1] She argues that the statute infringes on her constitutional rights to free speech and privacy by compelling her to disclose to potential sexual partners that she has HIV.

Although the statute may compel individuals with HIV to disclose this information under certain circumstances, the burden on speech is incidental to the conduct the statute seeks to prohibit and does not violate constitutional provisions protecting the freedom of speech. Furthermore, the right to privacy does not permit Defendant to expose others to

---

[1] Unless otherwise indicated, all statutory references are to RSMo Supp. 2013.

HIV in the course of sexual activities without first securing their knowing consent to such exposure.

The judgment is affirmed.

## I. Facts

Defendant was told that she tested positive for HIV in 2003. At that time, she received counseling from her physician regarding the consequences of having HIV. Several years later, Defendant engaged in sexual intercourse with Victim. She did not disclose to Victim that she was HIV positive before having sexual intercourse with him. Defendant was charged with the class A felony of exposing another to HIV pursuant to section 191.677, which requires that the exposed victim contracts HIV. She filed a motion to dismiss the indictment, arguing that it violated her constitutional rights to free speech, privacy, and equal protection.[2] The trial court overruled her motion and the case proceeded to trial.

In exchange for the waiver of Defendant's right to a jury trial, the State reduced the charge against her to the class B felony of exposing another to HIV, which essentially removes the requirement that the victim contract HIV. Defendant renewed her constitutional objections to section 191.677 at trial and stipulated to the following facts: (1) Defendant knew she was HIV positive; (2) Defendant had sexual intercourse with Victim; (3) Defendant did not disclose her HIV status to Victim prior to engaging in sexual intercourse with him; and (4) as a result of Defendant's actions, Victim was recklessly exposed to HIV without his knowledge or consent. Defendant presented no

_____

[2] Defendant has not raised this equal protection claim on appeal.

evidence in her defense.  The trial court found her guilty of exposing another to HIV and sentenced her to seven years' imprisonment.

Defendant appeals.  Because she challenges the constitutional validity of a state statute, this Court has exclusive appellate jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

## II.  Standard of Review

A constitutional challenge to a statute is an issue of law that is reviewed *de novo*. *State v. Young*, 362 S.W.3d 386, 390 (Mo. banc 2012).  This Court presumes that a statute is constitutional and will not invalidate it unless it clearly and undoubtedly contravenes some constitutional provision.  *Id.*  As the party challenging the validity of the statute, Defendant bears the burden of proving that the statute clearly violates the constitution.  *Id.*

## III.  Analysis

### A.  Section 191.677 Does Not Violate Constitutional Provisions Protecting the Freedom of Speech

The First Amendment to the United States Constitution provides that "Congress shall make no law… abridging the freedom of speech."  U.S. CONST., Amend. I.  The First Amendment has been incorporated through the Fourteenth Amendment to apply to actions of state governments.  *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. banc 1997).  The Missouri Constitution similarly states that "no law shall be passed impairing the freedom of speech, no matter by what means communicated: that every person shall be

free to say, write or publish, or otherwise communicate whatever he will on any subject, being responsible for all abuses of that liberty[.]" MO. CONST., Art. I, sec. 8.

Defendant argues that section 191.677 infringes on her free speech rights not because it prohibits her from communicating thoughts or ideas but, rather, because it forces her to speak that which she would prefer not to say, i.e., that she is HIV positive. The First Amendment protects "both the right to speak freely and the right to refrain from speaking at all." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). If section 191.677 compels speech or regulates expression, it must pass scrutiny under the First Amendment.

The relevant text of section 191.677 states that:

1. It shall be unlawful for any individual knowingly infected with HIV to:

*** 

(2) Act in a reckless manner by exposing another person to HIV without the knowledge and consent of that person to be exposed to HIV, in one of the following manners:

(a) Through contact with blood, semen or vaginal secretions in the course of oral, anal or vaginal sexual intercourse….

Section 191.677. A person acts recklessly in creating a risk of infecting another individual with HIV when "[t]he HIV-infected person knew of such infection before engaging in sexual activity with another person…and such other person is unaware of the HIV-infected person's condition or does not consent to contact with blood, semen or vaginal fluid in the course of such activities." *Id.*

On its face, section 191.677 does not regulate speech. It regulates conduct – specifically, conduct that exposes unknowing or nonconsenting individuals to HIV. As

4

Defendant points out, however, the statute may also compel disclosure, as a practical matter, because there is no other way to be sure that a potential sexual partner knows of the HIV infection and consents to being exposed to HIV. Nevertheless, the State argues that any burden on speech imposed by section 191.677 is merely incidental to the statute's regulation of the specified conduct.

This Court agrees with the State that section 191.677 regulates conduct, not speech. The statute restricts what individuals may *do*, not what they may *say*. *See Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 60-62 (2006) (holding that an act requiring law schools to give military recruiters equal access to their students regulated the conduct of the schools, not their speech, even though the act incidentally required the law schools to engage in some speech when they otherwise would have remained silent). "[T]he First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech." *Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653, 2664 (2011).

The purpose of section 191.677 is not to compel disclosure. Instead, the statute seeks to prevent certain conduct that could spread HIV to unknowing or nonconsenting individuals.[3] While individuals may have to disclose their HIV status if they choose to engage in activities covered by the statute, any speech compelled by section 191.677 is incidental to its regulation of the targeted conduct and does not constitute a freedom of

---

[3] Another provision of section 191.677 that prohibits individuals who know they are infected with HIV from "[b]e[ing] or attempt[ing] to be a blood, blood products, organ, sperm or tissue donor except as deemed necessary for medical research" further underscores the statute's purpose of regulating conduct that could spread HIV, not to burden speech. Section 191.677.1(1).

5

speech violation. "[I]t has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."[4] *Rumsfeld*, 547 U.S. at 62. Because section 191.677 regulates conduct and imposes only incidental burdens on speech, it does not violate the freedom of speech protections of the federal or state constitution.

### B. Section 191.677 Does Not Violate the Right to Privacy

Defendant next argues that section 191.677 violates her fundamental right to privacy without a compelling state interest.[5] *See generally Griswold v. Connecticut*, 381 U.S. 479, 485 (1965) (recognizing a right to privacy in the marriage relationship and the marital bedroom); *Eisenstadt v. Baird*, 405 U.S. 438, 453-54 (1972) (holding that the privacy rights recognized in *Griswold* apply to individuals whether they are married or single). She cites *Lawrence v. Texas*, 539 U.S. 558 (2003), claiming that by

---

[4] While "compelled statements of fact" are subject to "First Amendment scrutiny," as are "compelled statements of opinion," the speech that is potentially compelled by section 191.677 does not approach "a Government-mandated pledge or motto that [the speaker] must endorse." *See Rumsfeld*, 547 U.S. at 61-62 (referring to *West Virginia State Bd. Of Educ. v. Barnette*, 319 U.S. 624 (1943), and *Wooley v. Maynard*, 430 U.S. 705 (1977), which respectively held that state laws compelling schoolchildren to say the Pledge of Allegiance and requiring drivers to display the motto "Live Free or Die" on their license plates unconstitutionally violated the First Amendment). The statute at issue does not force individuals to adopt or express a government-approved message, but compels only a factual statement "if, and to the extent" individuals with HIV choose to engage in certain sexual activities with other persons. *See id.*

[5] Although the Court gratuitously addresses the substance of Defendant's argument here, this point on appeal alleges violations of both the right to privacy and to due process of law. Rule 84.04(d) prohibits a point relied on that groups together multiple contentions not related to a single issue and such a point is subject to dismissal. *Missouri Bankers Ass'n, Inc. v. St. Louis Cnty.*, 448 S.W.3d 267, 271 n.5 (Mo. banc 2014).

criminalizing her consensual, private, sexual conduct, the statute violates her Fourteenth Amendment due process rights of liberty and privacy. In *Lawrence*, the United States Supreme Court held that a state could not criminalize the "private sexual conduct" of "two adults" who had "full and mutual consent from each other" under circumstances in which no persons "might be injured or coerced." *Id.* at 578.

Defendant's right to privacy argument fails because *Lawrence* does not control here. Unlike the statute struck down in *Lawrence*, section 191.677 does not criminalize *consensual*, *non-harmful* sexual conduct. Section 191.677 regulates only sexual conduct that would expose another person to a life-jeopardizing disease when that person has not given consent to the conduct with knowledge of the risk of exposure.[6]

## IV. Conclusion

Defendant's various arguments that section 191.677 infringes her constitutional rights to free speech and privacy fail. The judgment convicting Defendant for recklessly exposing another to HIV without that person's knowledge or consent is affirmed.

_____
Mary R. Russell, Judge

All concur.

_____

[6] Defendant does not allege that section 191.677 would be unconstitutional under rational basis review. *See generally Doe v. Phillips*, 194 S.W.3d 833, 844-45 (Mo. banc 2006) (noting that a statute that does not impinge on any fundamental right will survive substantive due process scrutiny if it is rationally related to legitimate state interest).