[Cite as *State v. Batista*, 2016-Ohio-2848.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150341 |
| | | TRIAL NO. B-1402928 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ORLANDO BATISTA, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 6, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} Defendant-appellant Orlando Batista was charged with violating R.C. 2903.11(B)(1) for engaging in sexual conduct with his girlfriend without first disclosing his HIV-positive status to her. Batista moved the trial court to dismiss his indictment on the grounds that R.C. 2903.11(B)(1) violated the Equal Protection Clauses of the Ohio and United States Constitutions, and also violated the First and Fourteenth Amendments to the United States Constitution. Following a hearing, the trial court denied Batista's motion. Batista subsequently pleaded no contest. The trial court accepted Batista's plea, found him guilty, and sentenced him to the maximum term of eight years' incarceration. This appeal followed.

## I.     Constitutional Challenges to the Statute

{¶2} R.C. 2903.11(B)(1) states: "No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly * * * [e]ngage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct." In his first assignment of error, Batista claims that the trial court erred when it determined that R.C. 2903.11(B)(1) does not violate the Equal Protection Clauses of the Ohio and United States Constitutions. In his second assignment of error, Batista contends that the trial court erred when it determined that the statute does not violate the First and Fourteenth Amendments to the United States Constitution. Determining the constitutionality of a statute presents a question of law that we review de novo. *Andreyko v. Cincinnati*, 153 Ohio App.3d 158, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 11 (1st Dist.).

## Equal Protection Analysis

{¶3} The Fourteenth Amendment to the United States Constitution provides that no state "shall * * * deny to any person within its jurisdiction the equal protection of the laws." The Ohio Constitution, Article I, Section 2 states that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit." The limitations placed upon government action by the federal and state Equal Protection Clauses are essentially the same. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 7. Both clauses require that similarly situated persons be treated in a similar manner. *Id.* at ¶ 6; *State ex rel. Patterson v. Indus. Comm.*, 77 Ohio St.3d 201, 204, 672 N.E.2d 1008 (1996).

{¶4} To determine the appropriate equal protection test to apply, we must examine the nature of the right asserted, and the classification that is being challenged. Here, Batista asserts that there is no constitutionally justifiable basis for treating carriers of HIV differently than carries of other sexually-transmitted diseases.

{¶5} Batista's equal protection challenge does not involve a "fundamental right" or "suspect classification" warranting strict scrutiny. *See Bd. of Edn. v. Walter*, 58 Ohio St.2d 368, 374, 390 N.E.2d 813 (1979). Nor does his challenge involve a right or classification warranting intermediate scrutiny. *See Clark v. Jeter*, 486 U.S. 456, 461, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988). Therefore, to withstand an equal protection challenge, the legislative distinction in this case need only be rationally related to a legitimate governmental interest. *See Clements v. Fashing* 457 U.S. 957, 963, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982); *State v. Williams*, 88 Ohio St.3d 513, 530-531, 728 N.E.2d 342 (2000); *Menefee v. Queen City Metro*, 49 Ohio

3

St.3d 27, 29, 550 N.E.2d 181 (1990). Under the rational-relation test, a legislative decision to treat two groups differently is unconstitutional only if it is based solely on reasons totally unrelated to the pursuit of the state's goals and if no grounds can be conceived to justify the different treatment. *Clements*; *Williams*. Further, a statute withstands constitutional scrutiny under this test "if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective." *Denicola v. Providence Hosp.*, 57 Ohio St.2d 115, 119, 387 N.E.2d 231 (1979), citing *McGowan v. Maryland*, 366 U.S. 420, 425-426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

{¶6} Stopping the spread of HIV is a legitimate state interest, as it furthers the safety and welfare of Ohio's citizens. *See Siegel v. Lifecenter Organ Donor Network*, 1st Dist. Hamilton No. C-100777, 2011-Ohio-6031, ¶ 40. HIV causes an incurable disease that shortens the life expectancy of anyone infected. And HIV can be sexually transmitted. Requiring an HIV-positive individual to disclose his or her status before engaging in sexual conduct is rationally related to stopping the spread of HIV. Batista points out, and we acknowledge, that there have been tremendous advances in the treatment of HIV/AIDS patients since the AIDS epidemic of the 1980s. Batista also argues that, until recently, there was no cure for Hepatitis C, a disease that can also be sexually transmitted, and that there is no statute in Ohio that criminalizes the failure to disclose a positive Hepatitis C status to a partner before engaging in sexual conduct. But these arguments miss the point. The state does not have to take criminalize every failure to disclose a sexually-transmitted disease to make the statute at issue comport with the Equal Protection Clauses of the state and federal constitutions. Nor does the fact that HIV is more easily treatable than in the past affect our analysis. It cannot be disputed that the state has a legitimate interest

4

in stopping the spread of HIV. And there is a rational relation between this goal and requiring disclosure of an HIV-positive status before engaging in sexual conduct. Batista's first assignment of error is therefore overruled.

## First Amendment Analysis

{¶7} Batista next contends that R.C. 2903.11(B)(1) compels speech in violation of the First and Fourteenth Amendments to the United States Constitution.

{¶8} The First Amendment, applicable to the states by the Fourteenth Amendment, prohibits the enactment of laws "abridging the freedom of speech." An "important manifestation of the principle of free speech is that one who chooses to speak may also decide 'what not to say,' * * * ." *Hurley v. Irish-American Gay*, 515 U.S. 557, 573, 115 S.Ct. 2338, 132 L.Ed.2d 487 (1995), citing *Pacific Gas & Elec. Co. v. Public Util. Comm. of California*, 475 U.S. 1, 16, 106 S.Ct. 903, 89 L.Ed.2d 1 (1986) (plurality opinion). Thus, First Amendment protection against government overreaching extends to statements that a speaker would rather avoid making, i.e., compelled speech. *Hurley*, citing *McIntyre v. Ohio Elections Comm.,* 514 U.S. 334, 341-342, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995); *Riley v. Natl. Fed. of Blind of N. C., Inc.,* 487 U.S. 781, 797-798, 108 S.Ct. 2667, 101 L.Ed.2d 669 (1988).

{¶9} The level of scrutiny that we must apply in this case turns on the fact that R.C. 2903.11(B)(1) requires transmission of specific information—a person's HIV-positive status. It is therefore a content-based law. *See Riley* at 795. "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert*, ___U.S.___, 135 S.Ct. 2218, 2226, 192 L.Ed.2d 236 (2015), citing *R. A. V. v. St. Paul*, 505 U.S. 377, 395, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992); *Simon & Schuster,*

5

*Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105, 115, 118, 112 S. Ct. 501, 116 L.Ed.2d 476 (1991). Under this test, "[i]f a less restrictive alternative would serve the Government's purpose, the legislature must use that alternative." (Citations omitted.) *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 813, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000).

{¶10} The state asserts that the government has a compelling interest in discouraging the spread of HIV. The state aptly points out that, despite the medical advances in treatment, HIV remains incurable. It shortens the life span of anyone infected. And while many HIV-infected people are able to lead productive lives, this is only possible through daily treatment at the cost of approximately $1,000 a month. People who are not properly treated can and do develop serious health problems. Without relying on any one particular aspect of HIV or its treatment, given the overall grave nature of this disease, we find that the state has a compelling interest in stopping its transmission.

{¶11} We also find that R.C. 2903.11(B)(1) is narrowly drawn. The statue requires disclosure only to potential sexual partners—persons who would be directly affected by a lack of such knowledge. In this way, a potential partner may elect not to engage in sexual conduct, or may take measures to ensure that the virus is not spread during sexual relations. Further, there is no requirement that the public in general be informed of an infected person's HIV status, or that this information become public in any way.

{¶12} Batista claims that the statue is not narrowly drawn because there are other means of transmitting the virus that are not addressed by the statute. While the state has a compelling interest in stopping the spread of HIV through any means,

the interest addressed by R.C. 2903.11(B)(1) is halting the spread of HIV through sexual conduct. We can think of no less restrictive alternative to serve this interest.

{¶13} In sum, R.C. 2903.11(B)(1) withstands strict scrutiny and does not violate the First and Fourteenth Amendments to the United States Constitution. *See State v. Musser*, 721 N.W.2d 734 (Iowa 2006) (holding that a similar provision in the Iowa code was narrowly tailored to serve the compelling government interest of halting the spread of HIV). Batista's second assignment of error is overruled.

## II.    Sentencing

{¶14} In his third assignment of error, Batista claims that the trial court erred when it sentenced him to a maximum term of eight years' incarceration. Batista contends that the trial court failed to consider the factors in R.C. 2929.11 and 2929.12 before imposing sentence, and that his sentence is therefore clearly and convincingly contrary to law. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 12 (1st Dist.). This argument has no merit.

{¶15} The trial court did not specifically reference R.C. 2929.11 or 2929.12 before sentencing Batista. However, we may presume from a silent record that the court considered the factors in these statutes unless Batista can demonstrate otherwise. *See State v. Kennedy*, 2013-Ohio-4221, 998 N.E.2d 1189, ¶ 118 (1st Dist.). To this end, Batista argues that the trial court wrongfully based his sentence on the fact that Batista had infected others with HIV. Batista argues that the trial court should not have considered that he had infected others because he was found guilty of only one crime involving one victim. Batista is incorrect. Under R.C. 2929.19(A) and (B)(1), the trial court had the authority to consider any relevant information from any person at Batista's sentencing hearing prior to sentencing him. In this case, Batista's victim spoke at sentencing and informed the court that Batista had infected

his wife and a former mistress. She also told the court that Batista's wife had passed the virus to one of their children. Batista did not deny these allegations. And his history of infecting others was relevant to his likelihood to reoffend and to the court's need to protect the public. *See* R.C. 2929.11 and 2929.12. We find no error.

{¶16} Batista also takes issue with the fact that the trial court stated that Batista was a "lethal weapon." Since AIDS remains an incurable disease, and since Batista has infected a number of people, we do not find this statement to be particularly problematic.

{¶17} Batista makes several other arguments, essentially alleging that the court failed to properly weigh the seriousness and recidivism factors in R.C. 2929.12. Upon a review of the record, we find that Batista's sentence is not clearly and convincingly contrary to law.

{¶18} Batista's third assignment of error is overruled.

{¶19} The trial court's judgment is affirmed.

Judgment affirmed.

**FISCHER, P.J.**, and **MOCK, J**., concur.

Please note:

The court has recorded its own entry this date.