Zel M. Fischer, Chief Justice, dissenting.
DISSENTING OPINION
I concur with the analysis in Judge Wilson's dissent that the principal opinion erroneously declares a criminal statute constitutional even though the case is not ripe. I write separately because the principal opinion's error in deciding a case that is not ripe is compounded by the concession that Alpert's sole point relied on violates Rule 84.04(d). Because Alpert's sole point relied on violates Rule 84.04(d), it preserves nothing for appellate review and his appeal should be dismissed.
Rule 84.04 establishes mandatory briefing rules. Storey v. State , 175 S.W.3d 116, 126 (Mo. banc 2005). Rule 84.04(d)(1) requires an appellant's brief to contain a "Point Relied On" identifying a claim of reversible error, concisely stating the legal reasons for the claim, and summarily explaining why the stated legal reasons support the claim of reversible error.[1] "Rule 84.04(d) prohibits a point relied on that groups together multiple contentions not related to a single issue and such a point is subject to dismissal." State v. S.F. , 483 S.W.3d 385, 388 n.5 (Mo. banc 2016). A point relied on including multiple allegations of error is "multifarious" and preserves nothing for review. Peters v. Johns , 489 S.W.3d 262, 268 n.8 (Mo. banc 2016). "[A]llegations of error ... not properly briefed shall not be considered in any civil appeal." Rule 84.13(a).
The principal opinion concedes Alpert's point violates Rule 84.04(d) because it contains multifarious allegations of error. While some might think it worthwhile to reiterate the importance of the Rule 84.04 briefing rules, reiteration without consequence implicitly condones continued violations and undermines the mandatory nature of the rules. As required by Rule 84.13(a), this Court should not consider Alpert's defective point relied on and instead, should dismiss this appeal. Rather than gratuitously excusing violations of this Court's briefing rules, this Court should consistently enforce its rules as written and decline to review points relied on that violate briefing rules. See J.A.R. v. D.G.R. , 426 S.W.3d 624, 630 n.10 (Mo. banc 2014) (declining to consider a claim not *602 raised in the court of appeals and noting Rule 84.04(d) requires separate allegations of error to be raised in separate points relied on); see also Sun Aviation, Inc. v. L-3 Commc'ns Avionics Sys. , 533 S.W.3d 720, 730 n.8 (Mo. banc 2017) (same).
This Court's rules expressly condition the consideration of appeals on compliance with those rules. In my view, this Court should lead by example and follow its own rules as it did in J.A.R. v. D.G.R. , 426 S.W.3d at 630 n.10, and most recently in Sun Aviation , 533 S.W.3d at 730 n.8.[2]

Among the firearms Alpert claims he would possess are a Karabiner 98 Mauser and a Belgian Browning pistol (which Alpert's father obtained in World War II), and an M1 Garand, which was so instrumental during World War II that General George S. Patton reportedly referred to it as "the greatest battle implement ever devised."

The principal opinion suggests an application of ordinary standards of justiciability to Alpert "puts him in a dilemma that it was the very purpose of the declaratory judgment act to ameliorate." Op. at 595 (quotation marks and brackets omitted). But the declaratory judgment act is not a magic wand with which to waive away traditional requirements of standing, ripeness, and an absence of an adequate remedy at law. See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth , 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937) ("The Declaratory Judgment Act must be [construed to] authorize[ ] relief which is consonant with the exercise of the judicial function in the determination of controversies to which ... the judicial power extends."). Judicial power does not extend to remote, abstract, or speculative controversies of the sort now before this Court.