Zel M. Fischer, Chief Justice, concurring.
I concur with result of the principal opinion but would hold Mrs. Bowers' first point relied on violates Rule 84.04(d) and preserves nothing for appellate review. The Rule 84.04 briefing rules are mandatory.
*618 Storey v. State , 175 S.W.3d 116, 126 (Mo. banc 2005). Rule 84.04(d)(1) requires an appellant's brief to contain a "Point Relied On" identifying a claim of reversible error, concisely stating the legal reasons for that claim, and summarily explaining why the stated legal reasons support the claim of reversible error. "Rule 84.04(d) prohibits a point relied on that groups together multiple contentions not related to a single issue and such a point is subject to dismissal." State v. S.F. , 483 S.W.3d 385, 388 n. 5 (Mo. banc 2016). A point relied on including multiple allegations of error is "multifarious" and preserves nothing for review. Peters v. Johns , 489 S.W.3d 262, 268 n.8 (Mo. banc 2016).
Mrs. Bowers' point relied on states as follows:
The Circuit Court erred in excluding Mrs. Bowers from its award of legal and physical custody and awarding sole legal and physical custody to Mr. Bowers because (A) the court's finding that Mrs. Bowers was unfit was not supported by substantial evidence and was against the weight of the evidence and (B) the court made no alternative finding that the welfare of the child necessitated such a custody award, and the award of sole legal and physical custody to a third party thus violates the requirements of Mo. Rev. Stat. § 452.375.5(5), which governs such awards, in that (1) the statute conditions any award of custody to a third party upon a sustainable finding that each natural parent is "unfit, unsuitable, or unable to be a custodian" or that "the welfare of the child requires" such an award in order to serve the best interests of the child; (2) the evidence relied on by the trial court to find Mrs. Bowers unfit was insubstantial, incapable of overcoming the presumption of fitness, and outweighed by evidence that Mrs. Bowers is the child's biological parent and that a loving, caring, and attentive relationship always has existed between mother and child; (3) the court did not make an alternative finding that the child's welfare required that full legal and physical custody be awarded to Mr. Bowers, who is neither the biological nor the adoptive parent of the child, and such a finding would have had no substantial support in the evidence and would have been against the weight of the evidence; and (4) under the evidence the exclusion of Mrs. Bowers from control of and a substantial presence in the child's upbringing violates the public policy expressed in § 452.375.5 and disserves the best interests of the child.
Mrs. Bowers' point relied on is plainly multifarious in violation of Rule 84.04. Mrs. Bowers combines her claim there was a lack of substantial evidence to support the judgment with her distinct claim the judgment was against the weight of the evidence. The "claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment." J.A.R. v. D.G.R. , 426 S.W.3d 624, 630 (Mo. banc 2014). Therefore, "to present an argument on appeal that the circuit court's findings regarding the statutory grounds for [custody] were not supported by substantial evidence and were against the weight of the evidence, those challenges would need to be raised in two separate points relied on because they involve two distinct legal claims." Id. at 630 n.10 (emphasis in original); see also Ivie v. Smith , 439 S.W.3d 189, 199 n. 11 (Mo. banc 2014). The error is compounded because, in addition to improperly combining these separate appellate challenges, Mrs. Bowers adds additional claims to her point relied on by asserting the circuit court misapplied the law by awarding third party custody pursuant to § 452.375.5(5). Mrs. Bowers' point relied on clearly violates Rule 84.04(d).
*619 Appellate courts "generally refrain from dismissing appeals involving child custody on the basis of technical violations." In re A.R. , 330 S.W.3d 858, 860 n.1 (Mo. App. 2011). However, this violation of Rule 84.04 is more than a mere technical violation.[1] Mrs. Bowers' argument similarly and impermissibly combines her multiple distinct claims of error as if they were interchangeable. To disentangle her distinct claims and discern their precise contours, the principal opinion necessarily and, in my view, impermissibly crosses the line from neutral arbiter to advocate. "It is not the function of the appellate court to serve as advocate for any party to an appeal." Thummel , 570 S.W.2d at 686. The role of advocate is reserved for counsel and appellate courts "should not be asked or expected to assume such a role." Id.[2]
The danger in doing so is:
[T]hat the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention. If that happens, the appellate process has failed in its primary objective of resolving issues raised and relied on in an appeal.
Id.
Compliance with the Rule 84.04(d) requirements for a proper point relied on is not only mandatory, it is also easy if counsel simply follows the simple format set forth in Rule 84.04(d)(1).[3] Mrs. Bowers' point relied on does not follow the simple, mandatory format and essentially requires this Court to assume an advocacy role on her behalf. Rather than remedying or excusing a party's violation of the mandatory briefing rules, this Court should simply enforce its rules as they are written. Rule 84.13(a) provides that points relied on and arguments which do not comply "shall not be considered in any civil appeal." Rule 84.13(a). In my view, Mrs. Bowers' first point relied on violates Rule 84.04(d) and preserves nothing for appellate review.

Mrs. Bowers' violation of the Rule 84.04 briefing requirements is not simply an excusable, hyper-technical observation. Thummel v. King , 570 S.W.2d 679, 686 (Mo. banc 1978).

The necessity of avoiding advocacy on behalf of a party is a necessary corollary to Canon 2-2.2(A) of the Code of Judicial Conduct, which requires judges to perform all judicial duties impartially.

Rule 84.04(d)(1) provides: "The point shall be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].' "