[Cite as *State v. Givens*, 2022-Ohio-4067.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 5-21-33

v.

RONALD H. GIVENS, JR.,

O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 5-21-34

v.

RONALD H. GIVENS, JR.,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeals from Hancock County Common Pleas Court
Trial Court Nos. 2021 CR 11 and 2021 CR 25

Judgments Affirmed

Date of Decision: November 14, 2022

APPEARANCES:

    *W. Alex Smith* for Appellant

    *Phillip A. Riegle* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ronald H. Givens, Jr. ("Givens") appeals the judgments of the Hancock County Court of Common Pleas, arguing that R.C. 2971.271 ("the Reagan Tokes Law") is unconstitutional. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} On January 12, 2021, Givens was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A), a felony of the second degree. Doc. 1A. This charge became the basis of Case No. 21-CR-11. Doc. 1A. On January 26, 2021, Givens was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A), a felony of the first degree. Doc. 1B. This charge became the basis of Case No. 21-CR-25. Doc. 1B. On October 1, 2021, Givens pled guilty to both of the counts against him as charged. Doc. 46A, 51B. The trial court then sentenced Givens, imposing an indefinite prison term pursuant to the Reagan Tokes Law for the charge that formed the basis of Case No. 21-CR-25. Doc. 49A, 54B. The trial court issued its judgment entries of sentencing on October 15, 2021. Doc. 49A, 54B.

*Assignment of Error*

{¶3} Givens filed his notices of appeal on October 26, 2021. Doc. A55, B60. On appeal, he raises the following assignment of error:

**The defendant's sentence is unconstitutional as it violates the separation of powers doctrine of the United States and Ohio Constitutions. It also violates the equal protection clause of the same Constitutions.**

*Legal Standard*

**{¶4}** "It is difficult to prove that a statute is unconstitutional." *State v. Moore*, 2017-Ohio-4358, 91 N.E.3d 1267, ¶ 9 (3d Dist.), quoting *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 25.

> **All statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' [*State v. Stoffer*, 2d Dist. Montgomery No. 26268, 2015-Ohio-352, ¶ 8, quoting *Arbino* at ¶ 25], quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.**

*Moore* at ¶ 9. The party challenging the constitutionality of a law bears the burden of establishing its unconstitutionality." *State v. Morrissey*, 3d Dist. Hardin No. 6-22-06, 2022-Ohio-3519, ¶ 19, quoting *State v. Thompkins*, 75 Ohio St.3d 558, 560, 1996-Ohio-264, 664 N.E.2d 926 (1996).

*Legal Analysis*

**{¶5}** In his sole assignment of error, Givens raises two main arguments. First, he asserts that the Reagan Tokes Law runs afoul of the separation of powers doctrine. However, in *State v. Hacker*, we considered and rejected this exact

argument. *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112, ¶ 22-23.[1] *See also State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 26-27; *State v. Hartline*, 3d Dist. Logan Nos. 8-21-13, 8-21-14, 2022-Ohio-2997, ¶ 18. At this juncture, we decline to revisit our prior decision. Thus, applying the holding in *Hacker* to the case presently before this Court, we find Givens's first argument to be without merit.

{¶6} Second, Givens argues that the Reagan Tokes Law violates the Equal Protection Clause because this provision only applies to inmates who have been convicted of felonies of the first or second degrees but not inmates who have been conviction of felonies of the third, fourth, or fifth degrees. Equal protection

> **guarantees require that all similarly situated individuals be treated in a similar manner. *State ex rel. Doersam v. Indus. Comm*. (1989), 45 Ohio St.3d 115, 119, 543 N.E.2d 1169, 1173. In other words, laws are to operate equally upon persons who are identified in the same class.**

*State ex rel. Patterson v. Indus. Comm*., 77 Ohio St.3d 201, 204, 1996-Ohio-263, 672 N.E.2d 1008, 1010 (1996). In an equal protection challenge,

> **[i]f a statute does not implicate a fundamental right or a suspect classification, courts employ a 'rational basis' standard of review, and a statute will not violate equal-protection principles if it is rationally related to a legitimate government interest.**

---

[1] We are aware that the Ohio Supreme Court has accepted an appeal from *State v. Hacker, supra,* with oral arguments scheduled to be heard on January 11, 2023. *State v. Hacker*, 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 585.

*State v. Mole,* 2013-Ohio-3131, 994 N.E.2d 482, ¶ 10 (8th Dist.). *See also State v. Batista*, 151 Ohio St.3d 584, 2017-Ohio-8304, 91 N.E.3d 724, ¶ 22. In his brief, Givens does not argue that the Reagan Tokes Law implicates a suspect classification or a fundamental right. *See State v. Edwards*, 1st Dist. Hamilton No. C-200101, 2022-Ohio-3408, ¶ 18. Thus, we will apply the rational basis test in this appeal.

{¶7} In *State v. Guyton*, the First District Court of Appeals considered a case in which the appellant argued that inmates who were convicted of felonies of the first and second degree were treated differently from those convicted of felonies of the third, fourth, and fifth degrees under the provisions of the Reagan Tokes Law. *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 58.[2] The First District found that the appellant's

> **primary Equal Protection Clause argument collapse[d] because he [could not] * * * demonstrate that similarly situat[ed] individuals [were] * * * treated disparately with respect to a fundamental right. At issue is simply a state sentencing scheme. The legislature has enacted an indeterminate sentencing structure for certain serious felony offenders that does not apply to less serious felony offenders.**

*Id*. at ¶ 65. The First District then applied the rational basis test and concluded that

> **[t]he legislature undoubtedly has a goal of rehabilitating offenders so that when those offenders are released they do not create 'an unsafe condition for an unsuspecting public.' *See* [*State v.*] *Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, [(8th Dist.)] ¶ 1. The legislature's 'incentive-laden approach' that involves the ODRC in release decisions bears a logical and reasonable relationship to the state's goal.**

---

[2] We are aware that *State v. Guyton* was appealed to the Ohio Supreme Court on September 2, 2022.

\* \* \*

**The legislature's focus on Ohio's most serious felony offenders is not surprising considering the significant resources that are required to administer the indeterminate sentencing scheme. Moreover, the legislature's connection between recidivism upon release and an offender's placement in restrictive housing, security risk classification, and dangerous, antisocial conduct while in prison makes logical sense. The state has a great interest in the success of the Reagan Tokes Law, which departs from a 'purely punitive prison policy,' and the use of the prison-rule-infraction system as a model and vehicle to attain that goal passes constitutional muster under a rational-basis standard of review.**

*Id*. at ¶ 66, 68. *See State v. O'Neal*, 1st Dist. Hamilton No. C-190736, 2022-Ohio-3017, ¶ (holding in an equal protection challenge that the indefinite sentencing scheme in the Reagan Tokes Law "is rationally related to the state's goal in reducing recidivism for serious offenders by incentivizing good conduct in prison as observed by those overseeing the prisons.").

{¶8} In substance, the equal protection argument raised in *Guyton* is the same as the one raised by Givens herein. In fact, the appellant in *Guyton* appears to have raised a far more extensive equal protection challenge. *Guyton, supra*, at ¶ 62. By contrast, Givens has not even cited to any legal authority in support of this argument in his brief. *See* App.R. 16(A)(7). Thus, finding the First District's reasoning to be persuasive, we apply the logic of *Guyton* to the case presently before us and conclude that Givens has failed to demonstrate that the Reagan Tokes Law violates his right to equal protection. *Guyton, supra*, at ¶ 66, 68. *See also State v. Ratliff*,

2022-Ohio-1372, 190 N.E.3d 684, ¶ 62 (5th Dist.) (holding in an equal protection challenge against the Reagan Tokes Law that "[i]t is axiomatic that the entire Ohio penal system is based upon classifying and treating each felony degree differently"),[3] quoting *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, fn. 2. Thus, Givens's second argument is without merit.

*Conclusion*

{¶9} Since Givens had not carried the burden of establishing that the Reagan Tokes Law is unconstitutional in either of his two arguments, his sole assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Hancock County Court of Common Pleas are affirmed.

*Judgments Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**

---

[3] We are aware that the Ohio Supreme Court has accepted an appeal from *State v. Ratliff, supra. See State v. Ratliff*, 167 Ohio St.3d 1481, 2022-Ohio-2765, 192 N.E.3d 516.